JUDGE FRANK MONTALVO

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **ANTHONY FASOLINO,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § |
| | § |
| **DIMENSION SERVICE CORPORATION, INC** | § |
| a Ohio Corporation, and **AFFORDABLE AUTO** | § |
| **PROTECTION, LLC** a Florida Limited Liability | § |
| Company | § |
| **Defendants.** | § |
| | § |

2021 OCT -9 A 10: 04

**EP21CV0250**

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff ANTHONY FASOLINO ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant DIMENSION SERVICE CORPORATION, INC ("DIMENSION") and Defendant AFFORDABLE AUTO PROTECTION, LLC ("AAP") (together "Defendants") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

### NATURE OF ACTION

2. Defendants offer services to businesses and consumers. As part of marketing their products and services, Defendants and their agents placed calls to Plaintiff's cell phone that used an automated telephone dialing system ("ATDS").

3. Defendants make unsolicited and unauthorized phone calls to consumers using false and misleading statements and artificial or prerecorded voice messages to sell vehicle service contracts (VSCs).

4. Defendants did not obtain consent from Plaintiff prior to calling his personal cell phone, and Defendants are therefore liable under the Telephone Consumer Protection Act 47 U.S.C. § 227 (the "TCPA") and its implementing regulation, 47 C.F.R. § 64.1200(a)(2).

5. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

6. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers on a grand scale without their consent.

7. By placing the calls at issue, Defendants have violated the privacy of Plaintiff and caused him to suffer damages that are recognized by statute.

8. Plaintiff therefore seeks an injunction requiring Defendants to stop calling his cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff ANTHONY FASOLINO ("Plaintiff") is a natural person and is a citizen of the Western District of Texas and was present in the Western District of Texas during all calls at issue in this case.

10. Defendant DIMENSION SERVICE CORPORATION, INC ("DIMENSION") is a Corporation organized and existing under the laws of Ohio and can be served via registered agent Corporation Service Company 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

11. Defendant AFFORDABLE AUTO PROTECTION ("AAP") is a Limited Liability Company organized and existing under the laws of Florida and can be served via registered agent Gus Renny at 1300 Old Congress Road, West Palm Beach, Florida 33409.

## JURISDICTION AND VENUE

12. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal stature.

13. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

14. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of Texas and because the events giving rise to this lawsuit occurred in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the state of Texas and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## FACTUAL ALLEGATIONS

16. On July 3, 2021, Plaintiff received a call on his cell phone (915) 217-4976 from phone number (682) 201-3919.

17. Plaintiff answered and heard an artificial or prerecorded voice message in Spanish informing Plaintiff his "car warranty is about to expire" and to "press one to speak to a representative." indicating the call was made using an ATDS.

18. Plaintiff was confused about the call and didn't know who it was so disconnected the call.

19. On July 16, 2021, Plaintiff received a call on his cell phone (915) 217-4976 from phone number (817) 201-4201.

20. Plaintiff answered and heard an artificial or prerecorded voice message in Spanish informing Plaintiff his "car warranty is about to expire" and to "press one to speak to a representative." indicating the call was made using an ATDS.

21. Plaintiff was once again confused about the call and didn't know who it was so disconnected the call.

22. On August 12, 2021, Plaintiff received a call on his cell phone (915) 217-4976 from phone number (817) 302-4704.

23. Plaintiff answered and heard an artificial or prerecorded voice message in Spanish informing Plaintiff his "car warranty is about to expire" and to "press one to speak to a representative." indicating the call was made using an ATDS.

24. Plaintiff was aggravated and pressed one to speak to a live representative in order to find out who kept calling his personal cell phone.

25. Plaintiff was then transferred and call was dropped before speaking to a live representative.

26. On September 24, 2021, Plaintiff received a call on his cell phone (915) 217-4976 from phone number (817) 506-2076.

27. Plaintiff answered and heard an artificial or prerecorded voice message in Spanish informing Plaintiff his "car warranty is about to expire" and to "press one to speak to a representative." indicating the call was made using an ATDS.

28. Plaintiff was confused and extremely aggravated for receiving the same call and pressed one to speak to a live representative to see who it was.

29. Plaintiff was then transferred to a live representative who only spoke Spanish and plaintiff did not understand what she was saying so requested to speak to someone in English.

30. The Spanish speaking representative then transferred the call.

31. Plaintiff was then transferred to a male representative that spoke English and solicited Plaintiff for a VSC.

32. Plaintiff did not want or need a VSC but purchased and received a VSC from defendants Dimension and AAP in order to determine who was responsible for making the illegal robocalls.

33. The male representative then went over the terms of the VSC with Plaintiff and stated that he needed to transfer him to his senior sales representative.

34. Plaintiff was then transferred to another representative named Susan that requested Plaintiffs credit card information in order to process first payment over the phone.

35. Susan then advised plaintiff that he will receive the VSC via mail and disconnected the call.

36. Moments later on September 24, 2021, Plaintiff received another call on his cell phone (915) 217-4976 from phone number (231) 751-9763.

37. Plaintiff answered and was greeted by the same representative Susan and stated that she had to send a text notification to plaintiffs cell phone.

38. Plaintiff received the VSC in the mail which lists Defendant Dimension as the Administrator and Defendant AAP as the seller.

39. Plaintiff is on the Do-Not-Call Registry

40. See table below showing calls made to Plaintiffs personal cell phone by Defendants.

| Date | Time | Caller ID |
|------|------|-----------|
| 7/3/2021 | 1:43PM | 682-201-3919 |
| 7/16/2021 | 11:16AM | 817-201-4201 |
| 8/12/2021 | 2:41PM | 817-302-4704 |
| 9/24/2021 | 12:35PM | 817-506-2076 |
| 9/24/2021 | 12:56PM | 231-751-9763 |

41.

42. Defendants employ outrageous, aggressive, and illegal sales techniques that violate multiple federal laws and state consumer statutes.

43. Defendants and their agents and co-conspirators amassed lists of thousands of vehicle owners from public records, vehicle sales and registration records, and data aggregators and then sent phone calls using artificial or prerecorded voice messages *en masse* to market their VSCs.

44. Defendants participated in, facilitated, directed, authorized, knew of or willfully ignored the false and misleading sales practices and unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

45. Defendants have knowledge of and have adopted and maintained TCPA violations as a sales strategy. This is amply supported by the complaints Defendants receive that are available from the Better Business Bureau ("BBB"). The full scale of the complaints Defendants receive is not currently available to Plaintiffs but will be revealed through discovery to amplify what is shown below.

46. Defendants refuse to take any action to stop or curtail the unlawful sales practices and robocalling because these practices benefit Defendants.

47. Plaintiff never consented to receive the calls alleged herein. Plaintiffs had no relationship with Defendants prior to the calls alleged herein.

48. Defendants advertised their products by falsely informing the consumer that their warranty had expired and that Defendants' product would "extend" the original auto manufacturer's warranty coverage. The VSCs are not auto warranty extensions and do not provide auto warranty coverage. The VSCs are also with parties other than the original manufacturer of the vehicle and warrantors.

## The Texas Business and Commerce Code 305.053

49. The Texas Business and Commerce code has an analogous portion that is related to the TCPA and was violated in this case.

50. The Plaintiff may seek damages under this Texas law for violations of 47 USC 227 or subchapter A and seek $500 in statutory damages or $1500 for willful or knowing damages.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

51. Plaintiff has been denied the use of his phone, enjoyment of his phone, and had the functionality of his phone decreased because of unnecessary charging, erosion of phone memory, and had his privacy invaded by the harassing robocalls.

52. Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent a "nuisance and invasion of privacy."

53. Plaintiff has been annoyed, harassed, and irritated by robocalls placed by the Defendants and other similar companies.

54. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone by placing unwanted telemarketing calls to the Plaintiff.

## FIRST CAUSE OF ACTION

Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

55. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56. Defendants and/or their agents placed calls to Plaintiff's cellular telephone.

57. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants.

58. Defendants' calls were made for purposes of advertising and marketing Defendants' VSCs. These calls constituted commercial advertising and telemarketing as contemplated by the TCPA.

59. The calls were made using an artificial or prerecorded voice message to the cellular phone of Plaintiff in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

60. As a result of their unlawful conduct, Defendants repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their unlawful calling campaigns.

61. Not only did Defendants make these violating calls, Defendants and/or their agents did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

62. If the Court finds that Defendants willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d)
### (Against All Defendants)

63. Plaintiff incorporates the forgoing allegations as if fully set forth herein.

64. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a.   written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1) [1];

   b.   training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2) [2]; and,

---

[1] *See id.* at 425 (codifying a June 26, 2003 FCC order).

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

c.  in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[3]

65. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

66. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## THIRD CAUSE OF ACTION
### Violations of The Texas Business and Commerce Code 305.053

67. Plaintiff incorporates the foregoing allegations as if set forth herein.

68. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Fasolino cellular telephone number without his prior express written consent in violation of 47 USC 227 et seq. The Defendants violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

69. Plaintiff is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

70. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c)

---

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Fasolino prays for judgment against the defendants jointly and severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

C.      An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individual for five calls.

E.      An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F.      An award to Mr. Fasolino of damages, as allowed by law under the TCPA;

G.      An award to Mr. Fasolino of interest, costs and attorneys' fees, as allowed by law and equity

H.      Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


October 8, 2021                          Respectfully Submitted,

Anthony Fasolino
Plaintiff, Pro Se
7405 N Loop Dr
El Paso, Texas 79915
915-217-4976
agfasolin@gmail.com